**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re Application of

FW Deep Value Opportunities Fund I, LLC,

Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding.

Case No. 26-

**MEMORANDUM OF LAW IN SUPPORT OF**
***EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**
**TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................1

FACTUAL BACKGROUND ....................2

A. Relevant Entities ....................2

B. Zalando's Acquisition of About You ....................3

C. German Appraisal Proceeding ....................6

D. Section 1782 Discovery Targets ....................8

ARGUMENT ....................8

I. THE APPLICATION SATISFIES THE STATUTORY PREREQUISITES OF 28 U.S.C. § 1782 ....................8

A. Respondents Will be "Found" in this District When Personally Served ....................9

B. The Discovery Sought Is "For Use" in a Foreign Proceeding ....................11

C. Petitioner Is An "Interested Person ....................12

II. THE *INTEL* DISCRETIONARY FACTORS WEIGH IN FAVOR OF GRANTING DISCOVERY ....................13

A. Respondents Are Non-Participants in the German Court Proceedings ....................13

B. The German Court Will Be Receptive to the Requested Discovery ....................15

C. Petitioner Is Not Circumventing Foreign Proof-Gathering Restrictions ....................16

D. The Subpoena is Not Unduly Burdensome ....................17

CONCLUSION ....................20

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*In re Accent Delight Int'l Ltd.*,
869 F.3d 121 (2d Cir. 2017) ..... 11

*Advent Int'l Corp. v. El-Mann*,
2024 WL 3639072 (S.D.N.Y. Aug. 2, 2024) ..... 10

*Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Int'l (USA) Ltd.*,
785 F. Supp. 2d 434 (S.D.N.Y. 2011) ..... 12

*In re Application of Gemeinschaftspraxis Dr. Med. Schottdoif*,
2006 WL 3844464 (S.D.N.Y. Dec. 29, 2006) ..... 11, 16, 17

*In re Application of OOO Promnefstroy for an Order to Conduct Discovery for Use in a Foreign Proceeding*,
2009 WL 3335608 (S.D.N.Y. Oct. 15, 2009) ..... 15

*Azima v. Citibank, N.A.*,
2022 WL 1287938 (S.D.N.Y. Apr. 29, 2022) ..... 19

*In re Bayer*,
146 F.3d 188 (3d Cir. 1998) ..... 16

*In re Biomet Orthopaedics Switz. GmbH*,
742 F. App'x 690 (3d Cir. 2018) ..... 19

*In re BNP Paribas*,
2018 WL 895675 (S.D.N.Y. Feb. 14, 2018) ..... 16

*Brandi-Dohrn v. IKB Deutsche Industriebank AG*,
673 F.3d 76 (2d Cir. 2012) ..... 12

*In re del Valle Ruiz*,
939 F.3d 520 (2d Cir. 2019) ..... 9, 11

*In re Edelman*,
295 F.3d 171 (2d Cir. 2002) ..... 9, 11, 19

*In re Ernesto Andrade Group*,
712 F. Supp. 3d 438 (S.D.N.Y. 2024) ..... 20

*Euromepa S.A. v. R. Esmerian, Inc.*,
51 F.3d 1095 (2d Cir. 1995)....................15, 20

*In re Ex Parte Application of Porsche Auto. Holding SE*,
2016 WL 702327 (S.D.N.Y. Feb. 18, 2016) ....................14, 15

*In re Genial Institucional Corretora de Cambio, Titulos e Valores Mobiliarios S.A.*,
2025 WL 40783 (S.D.N.Y. Jan. 7, 2025) ....................10

*Heraeus Kulzer, GmbH v. Biomet, Inc.*,
633 F.3d 591 (7th Cir. 2011) ....................16

*In re Hansainvest Hanseatische Investment-GmbH*,
364 F.Supp.3d 243 (S.D.N.Y. 2018) ....................14, 16

*Intel Corp. v. Advanced Micro Devices, Inc.*,
542 U.S. 241 (2004)....................*passim*

*In re Invest Bank PSC*,
567 F. Supp. 3d 449 (S.D.N.Y. 2021) ....................20

*In re Itau Unibanco S/A - Nassau Branch*,
2025 WL 918462 (S.D.N.Y. Mar. 26, 2025) ....................10

*Jennette v. United Parcel Serv., Inc.*,
2024 WL 3318120 (S.D.N.Y. June 25, 2024) ....................19

*In re JSC BTA Bank*,
577 F. Supp. 3d 262 (S.D.N.Y. 2021)....................20

*Kulzer v. Esschem, Inc.*,
390 Fed. Appx. 88 (3d Cir. 2010)....................13, 14

*In re Man Grp. Ltd.*,
2025 WL 846134 (S.D.N.Y. Mar. 13, 2025) ....................19

*In re Navios S. Am. Logistics Inc.*,
2025 WL 369717 (S.D.N.Y. Feb. 3, 2025)....................19

*In re Orthogen Int'l GmbH*,
2025 WL 1268843 (S.D.N.Y. Apr. 30, 2025)....................13

*In re Porsche Automobil Holding S.E.*,
2021 WL 2530277 (S.D.N.Y. June 21, 2021) ....................13

*In Re SBK Art LLC*,
168 F.4th 68 (2d Cir. 2026) .......... 9

*Sampedro v. Silver Point Cap., L.P.*,
818 F. App'x 14 (2d Cir. 2020) .......... 11

*S.E.C. v. Aly*,
320 F.R.D. 116 (S.D.N.Y. 2017) .......... 19

*In re Sveaas*,
249 F.R.D. 96 (S.D.N.Y. 2008) .......... 17

*In re Zouzar Bouka; Vision Indian Ocean S.A.*,
637 F. Supp. 3d 74 (S.D.N.Y. 2022) .......... 20

**Other Authority**

28 U.S.C. § 1782 .......... *passim*

Fed. R. Civ. P. 26 .......... 17

Fed. R. Civ. P. 30 .......... 19

Fed. R. Civ. P. 45 .......... 19

FW Deep Value Opportunities Fund I, LLC ("Petitioner") respectfully submits this memorandum of law, together with the Declaration of Fletcher W. Strong ("Strong Declaration") and the Declaration of Dr. Heinz-Peter Mansel ("Mansel Declaration"), in support of Petitioner's *ex parte* application for an order pursuant to 28 U.S.C. § 1782 ("Section 1782") to issue a document and deposition subpoena to individuals with information relevant to an ongoing judicial proceeding in Germany.

## PRELIMINARY STATEMENT

This Section 1782 application (the "Application") seeks an order authorizing Petitioner to subpoena individuals who will be physically present in this District and who possess relevant information concerning the value of About You Holding SE ("About You"), a fashion and technology company based in Germany, as well as related topics. Petitioner will use this discovery in an appraisal proceeding pending in the Hamburg Regional Court, Chamber for Commercial Matters (the "German Appraisal Proceeding") in which Petitioner seeks a determination of the fair value of About You and Petitioner's About You shares. The German Appraisal Proceeding relates to About You's acquisition by Zalando SE ("Zalando"), another German fashion and technology company, and the subsequent merger squeeze-out of minority shareholders of About You, including Petitioner. The individuals that will be served with the subpoena are individuals with relevant information regarding the valuation of About You, the underlying corporate transactions leading to the involuntary squeeze of minority About You shareholders, and related issues (each a "Respondent" and collectively "Respondents"). The intended Respondents include current and former executives and board members of About You, About You Holding AG, Zalando, and Scayle GmbH ("Scayle") that, upon information and belief, will be attending a conference in New York, New York on June 22, 2026 – June 24, 2026 later this month.

The Application satisfies the statutory prerequisites of 28 U.S.C. § 1782(a) that authorize this Court to order the requested discovery for use in a foreign proceeding. The Application also satisfies each of the four discretionary factors set forth by the Supreme Court: (1) Respondents are non-participants in the German Appraisal Proceeding and may not be compelled to produce discovery or other information in Germany; (2) there is no indication that the German court would not be receptive to receiving the information; to the contrary, the information sought regarding the valuation of About You is directly relevant to the issues being adjudicated in the German Appraisal Proceeding; (3) the Application is not an attempt to circumvent German proof-gathering restrictions; and (4) Respondents' production of documents responsive to Petitioner's five document requests and five deposition topics in the subpoena regarding the valuation of About You does not constitute an undue burden. *Intel Corp. v. Advanced Micro Devices*, *Inc.*, 542 U.S. 241, 244-45 (2004).

Accordingly, Petitioner respectfully requests that the Court grant the Application and permit the issuance of the proposed subpoena upon Respondents, which is attached to the Strong Declaration as Exhibit A (the "Subpoena").

## FACTUAL BACKGROUND

### A. Relevant Entities

Petitioner is an investment fund incorporated in Delaware that was a shareholder of 127,477 registered shares of About You. *See* Strong Decl. Ex. B at 1, 4. Petitioner is a party to the German Appraisal Proceeding regarding the valuation of Petitioner's shares in About You following its acquisition by Zalando. *Id.* at 1.

About You Holding AG is a German fashion and technology company with its registered office in Hamburg, Germany. Strong Decl. Ex. C §§ 3, 6.1. About You Holding AG operates what

they describe as a fast-growing online fashion store aimed at fashion-conscious generation Y and Z shoppers. *Id.* § 6.3.1. Prior to its acquisition by Zalando, About You Holding AG operated through a separate entity, About You Holding SE, which was publicly traded on the Frankfurt Stock Exchange. *Id.* §§ 3, 6.1.

Zalando is a German company focused on the development, marketing, trading, and the provision of internet services related to apparel and shoes, with its registered office in Berlin, Germany. Strong Decl. Ex. C §§ 3, 5.1. Zalando purports to be one of the top online platforms for fashion and lifestyle in Europe, and is active in 25 countries. *Id.* § 5.3.1. Zalando is publicly traded on the Frankfurt Stock Exchange. *Id.* § 5.1.

**B. Zalando's Acquisition of About You**

On December 11, 2024, Zalando and About You announced that they had entered into a business combination agreement, pursuant to which Zalando would, among other things, make a voluntary public takeover offer for About You for €6.50 per share, which the About You management board and supervisory board agreed to support (the "Business Combination Agreement"). Strong Decl. Ex. C §§ 7.2, 7.2.1, 7.2.2. On December 11, 2024, Zalando and About You also entered into a loan agreement for up to €97.5 million with an interest rate 12% per annum (the "Loan Agreement"). *Id.* § 7.2.4. The Loan Agreement was purportedly executed to address unexpected financing needs. *Id.*

The following month, on January 20, 2025, Zalando issued a press release announcing its intention to acquire About You through a voluntary public takeover offer at a price of €6.50 per share (the "Offer"). *See* Strong Decl. Ex. D. According to the offer document released on the same date (the "Offer Document"), the acceptance period for the Offer began on January 20, 2025 with the publication of the Offer and was set to expire on February 17, 2025, absent any extensions

of the acceptance period. *See* Strong Decl. Ex. C § 4.3. An additional acceptance period for the Offer ran from February 21, 2025 until March 6, 2025. *Id.* § 4.5. The Offer Document explained that prior to the Offer being made public, Zalando secured support for the Offer from approximately 80% of About You shareholders, including About You's founders and board members Tarek Müller, Sebastian Betz, and Hannes Wiese, and other large shareholders including members of the Otto family and their affiliated entities, including Otto KG, as well as Aktieselskabet af ("Heartland"). *Id.* §§ 5.8.2, 5.8.3, 6.5.

The €6.50 Offer price was also purportedly realized after "intense negotiations" with large About You shareholders, including Otto KG and Heartland. Strong Decl. Ex. C § 9.2. The shareholder support was memorialized in a series of agreements, including shareholder purchase agreements with, among others, investment companies controlled by each of Tarek Müller, Sebastian Betz, and Hannes Wiese, and irrevocable undertaking agreements with, among others, Sebastian Betz, Hannes Wiese, Benjamin Otto, and Michael Otto. *Id.* §§ 5.8.2, 5.8.3.

During their due diligence review of About You, Zalando executives were granted access to an "electronic data room" containing a series of financial and legal documents concerning About You, and were provided additional "oral explanations" on relevant topics via conference calls and face-to-face meetings:

> The Bidder and its advisors have been granted access to certain documents relating to the operational and financial circumstances and, to a limited extent, to the legal and contractual relationships of the ABOUT YOU Group in an electronic data room, starting on November 15, 2024. During this document review, the Bidder and its advisors were provided with oral explanations on the aforementioned topics in several conference calls and face-to-face meetings. The Due Diligence Review was conducted until December 11, 2024. No assurances or guarantees have been made by ABOUT YOU regarding the information provided.

> ABOUT YOU has assisted Zalando by providing information in assessing any regulatory clearance requirements in relation to the completion of the Offer and the Share Purchase Agreements (as defined under Section 5.8.2).

Strong Decl. Ex. C § 2.2.

On January 31, 2025, About You's Management Board and Supervisory Board announced its support for the Offer. *See* Strong Decl. Ex. E.

The Offer officially closed in July 2025, at which time Zalando had acquired approximately 91% of About You's shares. *See* Strong Decl. Ex. F. Accordingly, Zalando initiated a merger squeeze-out of all remaining shareholders—a statutory procedure under German law available to holders of at least 90% of a target company, Mansel Decl. ¶¶ 5-6—in order to divest all remaining About You shareholders, including Petitioner, at a price of €6.50 per share, the same price set forth in the Offer (the "Squeeze-Out"). *Id.*

On November 6, 2025, the statutory divestment of Petitioner and all other About You minority shareholders that did not accept the Offer became effective with the registration of the Squeeze-Out in the commercial register of the Hamburg Regional Court, Commercial Division (the "German Court"). *Id.* At this time, About You's operations were transferred from About You Holding SE to a merger subsidiary of Zalando, About You Holding AG. *Id.*

About You announced that the adequacy of the Squeeze-Out compensation was confirmed by a purportedly independent auditor, ValueTrust Financial Advisors Deutschland GmbH ("ValueTrust"), that calculated an enterprise value of the company of €841 million, corresponding to €4.84 per share. Strong Decl. Ex. B at 5. In addition, Baker Tilly GmbH & Co. KG Wirtschaftsprüfungsgesellschaft ("Baker Tilly") certified the reasonableness of the Squeeze-Out compensation as part of a mere reasonableness review under German law. *Id.*

About You was subsequently delisted from the Frankfurt Stock Exchange where its shares previously traded on the open market. *Id.* Under German law, once the Squeeze-Out became effective, About You shareholders were entitled to challenge the adequacy of the Squeeze-Out price in a German appraisal proceeding, also known as a *Spruchverfahren*. Mansel Decl. ¶ 7.

### C. German Appraisal Proceeding

On February 6, 2026, Petitioner and other minority shareholders of About You submitted to the German Court a writ, similar to a complaint, challenging the €6.50 per share price in the Squeeze-Out (the "Writ"). Strong Decl. Ex. B. The objecting former minority shareholders of About You and About You Holding AG are the parties to the German Appraisal Proceeding. Mansel Decl. ¶ 4. Based on a total number of 173,740,082 shares, the €6.50 per share price corresponded to a value or market capitalization of €1,129.3 million. Strong Decl. Ex. B at 3. The Writ challenged the valuation of About You on several grounds.

For example, the Writ identified the bias and conflicts inherent in ValueTrust's report arising from, among other things, the fact that ValueTrust was specifically hired by About You to approve the transaction and effectively operated as a "third attorney" for About You in support of the transaction. Strong Decl. Ex. B at 6. The Writ further identified problems with the assumptions underlying the valuation, including the beta factor, which generally corresponds with a company's volatility or risk and is one of the primary inputs in any company valuation. *Id.* at 6, 43-62. About You's approximately €1.2 billion valuation is also suspect in light of the fact that About You's subsidiary, Scayle—About You's technology platform that offers a "cloud-based Software-as-a-Service (SaaS) solution for customers," Strong Decl. Ex. C § 6.3.1—independently has an estimated valuation likely exceeding €1 billion. Strong Decl. Ex. B at 3, 12. In fact, About You Holding AG stated that another technology company was willing to pay €1 billion for Scayle. *Id.*

at 13. The Writ also identified problems with assumptions surrounding the convergence phase, the point when market expectations align with expected public market valuations as companies mature. *Id*. at 17-20.

Further, German auditing principles required synergies to be taken into account in the valuation, but as set forth in the Writ, synergies were largely ignored. According to the Writ, external analysts estimated the synergies between Scayle and Zeos—Zalando's proprietary logistics and fulfillment infrastructure network—alone to account for a positive Earnings Before Interest and Taxes ("EBIT") impact for Zalando of approximately €100 million per year, yet this reportedly was not included in the €100 million in total synergies incorporated into the About You valuation. Strong Decl. Ex. B at 20, 26. And, notwithstanding the Offer Document's own emphasis on the "significant synergies" that would be realized through the merger of About You and Zalando, Strong Decl. Ex. C § 7.1, the Writ highlighted the valuation's failure to properly account for such synergies. Strong Decl. Ex. B at 20-32. Indeed, both companies are fashion companies that market to younger demographics by leveraging technology. Additional problems identified in the Writ with the About You valuation include an excessive market risk premium, *id.* at 33-35, and an improper growth discount factor, *id.* at 62-63.

Going forward, each party to the pending German Appraisal Proceeding will have the opportunity to exchange additional writs and evidence. Mansel Decl. ¶ 9. Accordingly, Petitioner seeks relevant discovery from current and former executives and board members of About You, About You Holding AG, Scayle, and Zalando, former About You shareholders that supported the Offer, and other persons with relevant information, as described more fully below.

### D. Section 1782 Discovery Targets

From June 22-24, 2026, the Commerce Next conference will take place at the New York Hilton Midtown, located at 1335 6th Ave, New York, New York 10019 (the "Conference"). The Conference focuses on retailers interested in learning about different types of strategies and technology to drive retail growth, with announced participants from a variety of retail manufacturers, brands, and platforms including Ralph Lauren, J. Crew, Amazon, and Wayfair.

Based on Petitioner's investigation, executives from About You and/or Zalando will attend the Conference. Indeed, Scayle, About You's online platform, is listed as a "Platinum Sponsor" on the Conference website. *See* https://growthshow.commercenext.com/meet-the-sponsors/; *see also* Strong Decl. Ex. G. Additional potential targets may include former large About You shareholders that were involved with the "intense negotiations" surrounding the €6.50 Offer price. Strong Decl. Ex. C § 9.2.

Accordingly, if the Application is approved, Petitioner is prepared to serve the Subpoena on the current and former executives and board members of About You, About You Holding AG, Scayle, and Zalando, former About You shareholders that supported the Offer, and any other individuals possessing information relevant to the valuation of About You who attend the Conference or who otherwise are physically present within this District. *See* Strong Decl. Ex. A.

## ARGUMENT

### I. THE APPLICATION SATISFIES THE STATUTORY PREREQUISITES OF 28 U.S.C. § 1782

Section 1782 authorizes United States district courts to grant discovery for use in a foreign proceeding where three "modest prima facie elements" are satisfied: (1) the discovery is sought from a person that resides or is found within the district; (2) the discovery is for use before a foreign tribunal; and (3) the applicant is an interested person. 28 U.S.C. § 1782; *Intel Corp. v. Advanced*

*Micro Devices, Inc.*, 542 U.S. 241, 247 (2004); *In Re SBK Art LLC*, 168 F.4th 68, 77 (2d Cir. 2026). Petitioner's Application prima facie satisfies each of these statutory requirements.

### A. Respondents Will be "Found" in this District When Personally Served

The Second Circuit has held that a respondent's physical presence in the district where a Section 1782 subpoena is served satisfies the statute's requirement that the respondent be "found" in that district—even when the respondent's stay is only temporary, thus permitting so-called "tag jurisdiction" on non-U.S. citizens visiting this District temporarily. *In re Edelman*, 295 F.3d 171, 180 (2d Cir. 2002). *In re Edelman* involved a Section 1782 application to serve subpoenas on individuals and entities residing or found in this District for purposes of obtaining discovery for pending litigation in France. *Id.* at 174. The Second Circuit allowed the Section 1782 petition to proceed, ruling that because the respondent had been personally served while visiting a Manhattan art gallery, he was "found" within this District for purposes of Section 1782. *Id.* at 180. In reaching its decision, the Second Circuit noted that Congress amended Section 1782 to permit discovery "without regard to whether the deponent is 'residing' in the district or only sojourning there." 295 F.3d at 179-80 (quoting H.R. Rep. No. 81–352, at 40 (1949), *reprinted in* 1949 U.S.C.C.A.N. 1254, 1270)); *see also id.* at 180 ("By definition, a sojourn is 'a temporary stay (as of a traveler in a foreign country).") (citing Webster's Third New International Dictionary). Section 1782 also does not require that a respondent be physically present in the district when the district judge signs the discovery order authorizing the discovery order. *Edelman*, 295 F.3d at 180.

The Second Circuit has recognized and upheld service of Section 1782 subpoenas based on "tag jurisdiction." *See, e.g.*, *In re del Valle Ruiz*, 939 F.3d 520, 527 (2d Cir. 2019) (holding that "tag jurisdiction is consistent with due process," particularly because Section 1782 "is simply a discovery mechanism and does not subject a person to liability" but ultimately denying the

petition because the respondent's forum contacts were insufficient to establish the court's jurisdiction). Courts in this District have similarly recognized the legitimacy of "tag jurisdiction." *See In re Genial Institucional Corretora de Cambio, Titulos e Valores Mobiliarios S.A.*, 2025 WL 40783, at *2 (S.D.N.Y. Jan. 7, 2025) (upholding service of a Section 1782 subpoena on Brazilian national's representative present in the District, and characterizing objections to such service as "borderline frivolous"); *In re Itau Unibanco S/A - Nassau Branch*, 2025 WL 918462, at *5 (S.D.N.Y. Mar. 26, 2025) ("The Second Circuit has held that physical presence of a respondent in the District where a petitioner wishes to serve and serves a subpoena on a person pursuant to Section 1782 satisfies the statute's requirement of being 'found' in the District."); *Advent Int'l Corp. v. El-Mann*, 2024 WL 3639072, at *7-8 (S.D.N.Y. Aug. 2, 2024) (recognizing service of third-party document and deposition subpoena on a Mexican citizen visiting New York City as valid where the subpoena was left in his presence after notice).

Here, the Subpoena is intended to be served upon, among others, current and former About You, About You Holding AG, Scayle, and Zalando executives with relevant information who, upon belief, will attend the Conference in New York City on June 22-24, 2026, including the following: Tarek Müller (former About You Co-CEO and now Zalando executive); Sebastian Betz (former About You Co-CEO); Hannes Wiese (former About You Co-CEO); Tobias Ring (Managing Director, Commercials Scayle Commerce Engine and member of the CommerceNext advisory board); Robert Gentz (Zalando Co-CEO); David Schröder (Zalando Co-CEO); Dr. Astrid Arndt (Zalando Chief People Officer, Corporate Functions); Dr. Sandra Dembeck (Zalando Chief Financial Officer); and David Schneider (Zalando Officer for Partner Strategy). Strong Decl. Ex. C §§ 5.4.1, 6.4.1. Petitioner also intends to serve the Subpoena on the large About You shareholders who supported Zalando's acquisition of About You through irrevocable undertakings

or share purchase agreements, including each of the three former About You co-CEOs Müller, Weise, and Gentz, as well as Benjamin Otto and Michael Otto. *Id.* §§ 5.8.2, 5.8.3.

Petitioner has reason to believe that additional individuals with relevant information will be present at the June 22-24, 2026 Conference in New York City. For example, Scayle, an About You subsidiary and one of the main drivers of revenue growth at About You (and now Zalando) is one of three "Platinum Sponsors" at the Conference, the second highest sponsorship level. Strong Decl. Ex. G. Accordingly, Petitioner seeks authorization to serve Section 1782 subpoenas on any individual with relevant information who will be physically present in this District. The Second Circuit expressly permits the method of service Petitioner seeks. *In re Edelman*, 295 F.3d at 174.

Whether the *documents* requested are located in this District or elsewhere is not relevant to this first Section 1782 factor; as long as any Respondent served with the Subpoena has possession, custody, or control over any of the requested documents, wherever the documents may be located, they must be produced. *See In re del Valle Ruiz*, 939 F.3d 520, 533 (2d Cir. 2019); *see also In re Application of Gemeinschaftspraxis Dr. Med. Schottdoif*, 2006 WL 3844464, at *5 (S.D.N.Y. Dec. 29, 2006) ("Section 1782 requires only that the *party* from whom discovery is sought be 'found' here; not that the *documents* be found here.") (emphasis in original).

### B. The Discovery Sought Is "For Use" in a Foreign Proceeding

To establish that the information sought is "for use" in a foreign proceeding, Petitioner need only show that it has "the procedural right to submit the requested documents to" the foreign tribunal. *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 132 (2d Cir. 2017). Petitioner does not need to prove that the German Court will determine that the documents are admissible. *Sampedro*

*v. Silver Point Cap., L.P.*, 818 F. App'x 14, 17 (2d Cir. 2020); *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 82 (2d Cir. 2012) (same).

Here, the information sought in the Subpoena focuses on the valuation of About You and its underlying shares, as well as the transactions giving rise to Zalando's acquisition of About You, *see* Strong Decl. Ex. A, which will undoubtedly be relevant and "for use" in the pending German Appraisal Proceeding in the German Court. The requested documents will enable the German Court to test, among other things, the assumptions and financial analysis underlying the value of About You shares, including the €6.50 Offer price, the €6.50 Squeeze-Out price, as well as determine the fair value of About You's shares and the appropriate cash settlement to minority shareholders like Petitioner that did not accept the Offer under German law. Moreover, there is nothing in German law generally or any specific orders from the German Court that would preclude the use of such information. Mansel Decl. ¶ 11. To the contrary, the German Court would likely admit and potentially rely upon any additional information provided that may aid it in the ultimate adjudication of the parties' dispute. *Id.*

### C. Petitioner Is An "Interested Person"

"Litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782." *Intel*, 542 U.S. at 256; *Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Int'l (USA) Ltd.*, 785 F. Supp. 2d 434, 438 (S.D.N.Y. 2011) ("No doubt litigants are included among . . . the interested persons who may invoke § 1782." (quoting *Intel*, 542 U.S. at 256)). Because Petitioner is a party to and therefore a litigant in the German Appraisal Proceeding, Mansel Decl. ¶ 4, Petitioner is an "interested person."

## II. THE *INTEL* DISCRETIONARY FACTORS WEIGH IN FAVOR OF GRANTING DISCOVERY

Where, as here, the statutory requirements are met, the court considers four discretionary *Intel* factors in determining whether to grant a Section 1782 request: (1) whether the Section 1782 discovery target is a "nonparticipant in the matter arising abroad"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65. Courts apply these factors in support of Section 1782(a)'s "'twin aims' of 'providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts.'" *In re Orthogen Int'l GmbH*, 2025 WL 1268843, at *8 (S.D.N.Y. Apr. 30, 2025) (quoting *Intel*, 542 U.S. at 252).

All of the discretionary *Intel* factors weigh in favor of granting the Application.

### A. Respondents Are Non-Participants in the German Court Proceedings

The sole parties to the German Appraisal Proceeding are former About You shareholders that objected to the Squeeze-Out price, including Petitioner, and About You Holding AG, the sole respondent in the proceeding. Mansel Decl. ¶ 4. None of the individual Respondents to be served with the Subpoena are participants in the German Appraisal Proceeding. *Id.* Therefore, the German Court cannot compel them to produce the discovery sought through the Subpoena requests. *See Kulzer v. Esschem, Inc.,* 390 Fed. Appx. 88, 92 (3d Cir. 2010) (parties did not dispute that German courts lacked jurisdiction over nonparties, Germany lacks broad U.S.-style pretrial discovery, and German discovery requests must identify specific documents that petitioner could

not do without access to respondent's files); *In re Porsche Automobil Holding S.E.*, 2021 WL 2530277, at *7 n.7 (S.D.N.Y. June 21, 2021) (German courts lack jurisdiction to order nonparties to produce discovery); *see also In re Hansainvest Hanseatische Investment-GmbH*, 364 F.Supp.3d 243, 250 (S.D.N.Y. 2018) (first *Intel* factor favored petitioner even if requested information was held by party to German litigation because of limited discovery available under German discovery rules).

"Furthermore, 'the weight of authority in this district' supports the view that 'the relevant inquiry is whether the foreign tribunal has the ability to control the evidence sought and order production, not whether the tribunal has control over the party targeted by' the application." *In re Hansainvest Hanseatische Inv.-GmbH*, 364 F.Supp.3d 243, 250 (S.D.N.Y. 2018) (quoting *In re Ex Parte Application of Porsche Auto. Holding SE*, 2016 WL 702327, at *7 (S.D.N.Y. Feb. 18, 2016)). Here, Petitioner's other means of obtaining the discovery sought in this Application are very limited under German law. Mansel Decl. ¶ 10. As the Third Circuit has recognized, "German civil procedure does not offer a mechanism for general pretrial discovery comparable to that obtainable in the United States; any request to the German court must be for *specific* documents, and without access to [the third-party discovery target's] files, [the petitioner] cannot pinpoint what it is seeking; and the German court has no jurisdiction over a non-party[.]" *Kulzer*, 390 F. App'x at 92 (emphasis in original). Thus, even if certain Respondents argue that About You Holding AG, the Respondent in the German Appraisal Proceeding, possesses information relevant to the Subpoena requests, "the limitations of German discovery would nevertheless counsel in favor of providing Section 1782 assistance." *In re Hansainvest Hanseatische Inv.-GmbH*, 364 F. Supp. 3d at 250 (permitting Section 1782 discovery in furtherance of contemplated German securities

lawsuit following acquisition of HSH Nordbank AG by private investors). Accordingly, the first *Intel* factor favors Petitioner.

**B. The German Court Will Be Receptive to the Requested Discovery**

The second *Intel* factor requires courts to consider whether the nature, attitude, and procedures of the foreign tribunal indicate that it would be "receptive" to Section 1782 assistance. *Intel*, 542 U.S. at 264. For purposes of Section 1782, a foreign tribunal's "receptivity" involves not whether a particular tribunal would permit discovery in a given proceeding, but how a "foreign legal system . . . might respond to § 1782 assistance from a United States court." *In re Application of OOO Promnefstroy for an Order to Conduct Discovery for Use in a Foreign Proceeding*, 2009 WL 3335608, at *7 (S.D.N.Y. Oct. 15, 2009). The Second Circuit has held that in determining the receptivity of foreign courts to Section 1782 discovery, district courts should avoid "speculative forays into legal territories unfamiliar to federal judges." *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1099 (2d Cir. 1995). The party opposing the discovery request bears the burden of persuading the Court, with "authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782" based on proof "embodied in a forum country's judicial, executive or legislative declarations that specifically address the use of evidence gathered under foreign procedures." *Id.* at 1100.

Here, the German Court has not provided any indication that it would be unreceptive to evidence obtained pursuant to Section 1782. Mansel Decl. ¶ 11. In fact, U.S. courts have repeatedly granted Section 1782 applications to obtain discovery for use in the German judicial system because of the noted *lack* of any evidence of such hostility. *See, e.g.*, *In re Ex Parte Application of Porsche Auto. Holding SE*, 2016 WL 702327, at *9 (S.D.N.Y. Feb. 18, 2016) (second *Intel* factor weighed in favor of granting application where there was no evidence that a

German court would object to evidence obtained through Section 1782); *In re Gemeinschaftspraxis Dr. Med. Schottdoif*, 2006 WL 3844464, at *7 (S.D.N.Y. Dec. 29, 2006) (second *Intel* factor weighed in applicant's favor even though German courts declined to compel production of the requested discovery); *see also Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011) ("[T]here is nothing to suggest that the German court would be affronted by [petitioner's] recourse to U.S. discovery or would refuse to admit any evidence, or at least any probative evidence[.]"); *In re Hansainvest Hanseatische Inv.-GmbH*, 364 F. Supp. 3d at 251 ("Respondents offer no evidence to suggest that a German court would be unreceptive to Section 1782 assistance, and it is undisputed that courts routinely grant Section 1782 applications for proceedings in Germany.") (citation omitted).

### C. Petitioner Is Not Circumventing Foreign Proof-Gathering Restrictions

The third *Intel* factor "aims to protect against abuse of § 1782 as a vehicle to end-run foreign proof-gathering restrictions or other foreign policies." *Gemeinschaftspraxis*, 2006 WL 3844464, at *7 (citing *Intel*, 542 U.S. at 265). It is not impermissible for a Section 1782 petitioner to seek "to acquire discovery that it was unable to obtain abroad[] . . . because, in some respects, that is precisely the type of assistance that the statute was designed to afford." *Id.* As such, there is no "exhaustion requirement," such that Section 1782 does not require that a petitioner first seek discovery in a foreign proceeding before filing a Section 1782 application. *In re BNP Paribas*, 2018 WL 895675, at *3 (S.D.N.Y. Feb. 14, 2018). Because "relevant evidence is presumptively discoverable under § 1782," the third *Intel* factor is satisfied unless the foreign court actively prohibits the petitioner from gathering the information sought. *In re Bayer*, 146 F.3d 188, 196 (3d Cir. 1998).

Here, the discovery sought does not attempt to circumvent any proof-gathering restrictions in the German Court. Instead, Petitioner seeks good-faith discovery narrowly tailored to the issues being adjudicated in the German Court proceeding. The Respondents to be served— current and former executives and board members of About You, About You Holding AG, Scayle, and Zalando, former About You shareholders that supported the Offer, and other persons with relevant information—are not parties to the German Appraisal Proceeding, Mansel Decl. ¶ 4, and cannot be ordered or compelled to produce documents through the auspices of that action. *In re Porsche Automobil Holding S.E.*, 2021 WL 2530277, at *7 n.7 (S.D.N.Y. June 21, 2021). Far from circumventing any German proof-gathering restrictions, Petitioner's Application seeks to assist the German Court's determination of the fair value of About You and Petitioner's About You shares.

### D. The Subpoena is Not Unduly Burdensome

The final *Intel* factor instructs courts to consider whether the discovery requests are "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. "The proper scope of the discovery sought under Section 1782, like all federal discovery, is governed by Federal Rule 26(b)," which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," to the extent that it does not cause any undue burden or expense. *In re Sveaas*, 249 F.R.D. 96, 106 (S.D.N.Y. 2008); Fed. R. Civ. P. 26(b)(1).

In considering this factor, a court must determine whether the discovery requests encompassed in the application are "sufficiently tailored to the litigation issues for which production is sought." *Gemeinschaftspraxi*s, 2006 WL 3844464, at *8. The discovery Petitioner seeks is narrowly tailored, in scope and time, to the issues pending in the German Appraisal Proceeding. The proposed Respondents are current and former executives of About You and

Zalando, as well as large former About You shareholders that supported the underlying transactions, with unique access to relevant information concerning About You prior to the announcement of Zalando's public takeover offer of About You, and thereafter. As set forth in the proposed Subpoena attached to the Strong Declaration as Exhibit A, each set of deposition topics and document requests concerns five narrow categories concerning the value of About You and the underlying corporate transactions giving rise to Zalando's acquisition of About You and the squeeze out of About You shareholders, including Petitioner:

- Zalando's due diligence of About You (Deposition Topic No. 1; Request No. 1);
- The Valuation of About You (Deposition Topic No. 2; Request No. 2);
- Zalando's Offer to purchase About You (Deposition Topic No. 3; Request No. 3);
- The Squeeze Out (Deposition Topic No. 4; Request No. 4); and
- Zalando's consideration of synergies between Zalando and About You in connection with the Offer and Zalando's Valuation and acquisition of About You (Deposition Topic No. 5; Document Request No. 5).

Strong Decl. Ex. A. Thus, the topics are facially relevant and narrowly tailored to the issues being adjudicated in the German Appraisal Proceeding concerning the fair value of About You, which considers, among other things, the internal analyses and corporate transactions giving rise to Zalando's acquisition of About You and the squeeze out of About You shareholders. *See* Mansel Decl. ¶ 3.

The relevant time period applicable to the Subpoena is limited in scope and directly relevant to the discovery requested. The start date, October 1, 2024, is approximately two-and-a-half months before Zalando and its advisors began officially performing due diligence on About You. Strong Decl. Ex. C at 2.2. The end date, February 28, 2026, is just 22 days after Petitioner

and other objecting minority shareholders of About You submitted the Writ in the German Court. Strong Decl. Ex. B. The overall time period applicable to the Subpoena—approximately one year and five months—is facially narrow and shorter than the time periods applicable to Section 1782 applications that Courts in this District have approved. *See, e.g.*, *In re Man Grp. Ltd.*, 2025 WL 846134, at *8 (S.D.N.Y. Mar. 13, 2025) (26 year time period not unduly burdensome); *Azima v. Citibank, N.A.*, 2022 WL 1287938, at *2 n.2 (S.D.N.Y. Apr. 29, 2022) (seven years not unduly burdensome).

That certain of the Respondents to the Subpoena might not be specifically named herein does not render the Subpoena improper or unenforceable. In another Section 1782 proceeding in this District, Judge Liman granted a Section 1782 application authorizing the petitioner to issue subpoenas to nine specifically-named financial institutions "and any other party, or parties, as [petitioner] may identify as permitted by Rules 30 and 45 of the Federal Rules of Civil Procedure." *In re Navios S. Am. Logistics Inc.*, 2025 WL 369717, at *3 (S.D.N.Y. Feb. 3, 2025). And in *Edelman*, the Second Circuit allowed the Section 1782 petition to proceed where the underlying order from the district court "included a blanket authorization for the issuance of subpoenas for deposition testimony to any 'additional individuals and entities with knowledge and information.'" *In re Edelman*, 295 F.3d 171, 174 (2d Cir. 2002). Further, if any of the Respondents do not reside in the District, Petitioner is amenable to conducting depositions via videoconference to eliminate any arguable burden arising from travel. *See, e.g., Jennette v. United Parcel Serv., Inc.*, 2024 WL 3318120, at *1 (S.D.N.Y. June 25, 2024) ("Holding a deposition by videoconference is 'frequently a preferred solution to mitigate the burden of a deposition location inconvenient to one or both sides.'") (citation omitted); *S.E.C. v. Aly*, 320 F.R.D. 116, 119 (S.D.N.Y. 2017) (same).

Finally, even though the Application seeks *ex parte* relief, Petitioner is willing to meet and confer with any Respondent to address any particular burden concerns raised. *See, e.g.*, *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1101 (2d Cir. 1995) ("[I]t is far preferable for a district court to reconcile whatever misgivings it may have about the impact of its participation in the foreign litigation by issuing a closely tailored discovery order rather than by simply denying relief outright."); *In re Biomet Orthopaedics Switz. GmbH*, 742 F. App'x 690, 699 (3d Cir. 2018) (finding that it would be "erroneous 'to turn down [the petitioner's] discovery request flat . . . without requiring [the respondent] to negotiate with [the petitioner] over cutting down the request'") (citations omitted). If any such concerns cannot be resolved consensually, Respondents will still retain the right to move to quash or modify the discovery sought. Moreover, courts in this District routinely grant *ex parte* Section 1782 Applications where, as here, the statutory and discretionary *Intel* factors have been satisfied. *See, e.g.*, *In re Ernesto Andrade Group*, 712 F. Supp. 3d 438 (S.D.N.Y. 2024); *In re Zouzar Bouka; Vision Indian Ocean S.A.*, 637 F. Supp. 3d 74 (S.D.N.Y. 2022); *In re Invest Bank PSC*, 567 F. Supp. 3d 449 (S.D.N.Y. 2021); *In re JSC BTA Bank*, 577 F. Supp. 3d 262 (S.D.N.Y. 2021). Accordingly, the Application should be granted.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court grant its Application pursuant to 28 U.S.C. § 1782 to seek the requested discovery from the Respondent and enter the proposed order submitted herewith granting the Application.

Dated: June 12, 2026
New York, New York

*/s/ Fletcher W. Strong*
**WOLLMUTH MAHER & DEUTSCH LLP**
Fletcher W. Strong
John R. Hein
Alexandra C. Spina
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
fstrong@wmd-law.com
jhein@wmd-law.com
aspina@wmd-law.com

*Attorneys for FW Deep Value Opportunities Fund I, LLC*

**WORD COUNT CERTIFICATION**

Pursuant to Local Civil Rule 7.1 , Petitioner certifies that this computer-generated memorandum of law was prepared using Microsoft Windows and Microsoft Word. The total number of words in this memorandum, exclusive of the caption, table of contents, table of authorities, the signature block, and this certificate of compliance is 6,076, which is in accordance with the maximum 8,750 words as permitted by Local Civil Rule 7.1(c).

By: ___*/s/Fletcher W. Strong*______________
Fletcher W. Strong